1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7  BOARD OF TRUSTEES OF THE                 Case No.  15-cv-02386-PJH   (DMR)
   NORTHERN CALIFORNIA PLASTERERS
   HEALTH AND WELFARE TRUST FUND,
8  et al.,
                                            **REPORT AND RECOMMENDATION**
9            Plaintiffs,                     **RE PLAINTIFFS' MOTION FOR**
                                            **DEFAULT JUDGMENT**
10       v.
                                            Re: Dkt. No. 14
11 DAVIDSON PLASTERING, INC.,

12           Defendant.

13       Plaintiffs Boards of Trustees of the Northern California Plasterers Trust Funds move the

14 court pursuant to Federal Rule of Civil Procedure 55(b)(2) for default judgment against Defendant

15 Davidson Plastering, Inc. ("Davidson").  [Docket No. 14.]  Plaintiffs seek interest and liquidated

16 damages for late-paid employee fringe benefit contributions, as well as attorneys' fees and costs.

17 For the reasons below, the court recommends that Plaintiffs' motion be granted.

18 **I.  BACKGROUND**

19       **A.  Factual Allegations**

20       Plaintiffs are the Boards of Trustees for the Northern California Plasterers Health and

21 Welfare Trust Fund, Northern California Plastering Industry Pension Trust Fund, Plasterers Local

22 Union No. 66 Supplemental Retirement Benefit Fund, Northern California Plasterers' Joint

23 Apprenticeship and Training Trust Fund, and Plastering Industry Labor-Management Cooperation

24 Committee Trust Fund (the "Trust Funds").  Compl. ¶ 3.  Plaintiff Chester Murphy is a trustee and

25 fiduciary of each trust.  Compl. ¶ 4.  The Trust Funds, established under Trust Agreements, consist

26 of all employee fringe benefit contributions that are to be made by employers pursuant to

27 collective bargaining agreements, and are multiemployer benefit plans within the meaning of the

28 Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002, 1003.

United States District Court
Northern District of California

United States District Court
Northern District of California

Compl. ¶ 3; Martinez Decl., Oct. 7, 2015, ¶ 2 Ex. A.  Plaintiffs allege that Davidson is a California corporation and an employer within the meaning of ERISA, and that Davidson is also an employer in an "industry or activity affecting commerce" within the meaning of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152.  Compl. ¶¶ 5, 6.

On June 28, 2013, Davidson signed a memorandum agreement with the Golden Gate Lodge of Plasterers and Shophands Local Union No. 66, O.P. & C.M.I.A., whereby it became bound to a written collective bargaining agreement entitled the "Plasterers Master Agreement" ("Master Agreement").  Compl. ¶ 7; Martinez Decl. ¶¶ 2, 3, Ex. A.  In accepting the terms of the Master Agreement, Davidson agreed to be bound by all terms and conditions of the Trust Agreements, which established the Trust Funds, and to all terms relating to wages, hours, and working conditions.  Compl. ¶¶ 7, 8; Martinez Decl. ¶¶ 3, 4, Ex. A. at 38-39.

The Master Agreement requires that employers pay monthly contributions to the Trust Funds based on the hours worked by their employees.  Compl. ¶ 9; Martinez Decl. Ex. A.  An employer that fails to provide timely contributions is subject to liquidated damages of 10% of the amount due and unpaid or $200.00, whichever is greater, and is subject to interest on the unpaid contributions and liquidated damages at the rate of 10% per annum.  Martinez Decl. Ex. A at 29.  The Master Agreement permits the Boards of Trustees to seek judicial relief to recover prompt payment of contributions due, including the recovery of delinquent contributions, and to seek all attorneys' fees and costs incurred in a lawsuit to recover the delinquent contributions.  *Id.*  If the Boards of Trustees file a legal action to collect unpaid contributions, liquidated damages for any contributions still unpaid on the date the action is filed are increased to 20% of the principal due.  *Id.*

Plaintiffs allege that Davidson failed to report, and thus failed to pay, contributions due to the Trusts for at least the months of March and April 2015.  Compl. ¶¶ 11, 12.  Plaintiffs further allege that Defendant made late payments for the periods October 2013 through November 2013, January 2014 through June 2014, and August 2014 through February 2015, and thus owes liquidated damages for those untimely contributions.  Compl. ¶ 13.

**B.  Procedural History**

1    Plaintiffs filed the current action in this Court on May 28, 2015 pursuant to the Labor-

2    Management Relations Act ("LMRA"), 29 U.S.C. § 185, and ERISA, 29 U.S.C. §§ 1132, to

3    recover due and unpaid benefit contributions, interest, liquidated damages, and attorneys' fees and

4    costs.  Plaintiff served the summons and complaint on Davidson on June 8, 2015.  [Docket No. 9

5    (Proof of Service).]  After Davidson failed to appear or otherwise respond to the summons and

6    complaint within the time prescribed by the Federal Rules of Civil Procedure, the clerk entered

7    default on July 8, 2015.  [Docket No. 11.]  Plaintiffs subsequently filed a motion for default

8    judgment, which the court referred to the undersigned for preparation of a Report and

9    Recommendation.  [Docket Nos. 14, 16.]  The court ordered Plaintiffs to submit supplemental

10   briefing, which Plaintiffs timely filed.  [Docket Nos. 19, 22.]

11   The court held a hearing on January 14, 2015.  Davidson did not appear.  At the hearing,

12   Plaintiffs' counsel represented that Davidson had made multiple payments of benefit contributions

13   after Plaintiffs filed the motion for default judgment.  Accordingly, the court ordered Plaintiffs to

14   submit a detailed declaration with supporting evidence setting forth the revised amount of

15   damages sought, along with an updated calculation of the total amount of attorneys' fees sought

16   with supporting evidence.  [Docket No. 23 (Minute Order).]  Plaintiffs timely filed the

17   supplemental evidence.  [Docket No. 24 (Ling Decl, Feb. 12, 2016 ("2d Ling Decl."), 24-1

18   (Martinez Decl., Feb. 5, 2016 ("2d Martinez Decl.").]

19   **II.  LEGAL STANDARD**

20   Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case

21   following a defendant's default.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp.

22   2d 995, 999 (N.D. Cal. 2001).  Whether to enter a judgment lies within the court's discretion.

23   *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v.*

24   *Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically

25   entitle the plaintiff to a court-ordered judgment."); *Shanghai Automation Instrument Co.*, 194 F.

26   Supp. 2d at 999.

27   Before assessing the merits of a motion for default judgment, a court must confirm that it

28   has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as

United States District Court
Northern District of California

3

ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**III. ANALYSIS**

**A. Jurisdiction and Service of Process**

The court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132, which empowers ERISA plan fiduciaries to bring civil actions to enforce plan terms. Under ERISA, fiduciaries may bring an enforcement action in the federal district court of any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). This nationwide service of process provision permits a court to exercise personal jurisdiction over a defendant anywhere in the United States, regardless of the state in which the court sits. *U.A. Local No. 467 Pension Trust Fund v. Hydra Ventures Inc.*, No. C-12-3746 EMC, 2013 WL 1007311, at *4 (N.D. Cal. Mar. 13, 2013) (citations omitted). Here, Plaintiffs allege that Davidson is a California corporation doing business in Alameda County, California. They also allege that the Trust Funds are administered in this District and that the breach took place in this District. Accordingly, the court properly exercises personal jurisdiction over Davidson.

Regarding the adequacy of service of process, Rule 4(e)(2) allows for service of an individual by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). A party may serve a corporation "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Under California law, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. A summons can be served on a corporation by delivering a copy of the summons and of the complaint to the person designated as agent for service of process. Cal. Civ. Proc. Code § 416.10(a).

Here, the proof of service indicates that the summons and complaint were personally served on Clifton Edgar Davidson, Davidson's designated agent for service of process. Ling Decl., Dec. 30, 2015, ¶¶ 2, 3, Ex. A (California Secretary of State Business Entity Detail). The court finds that service of the summons and complaint was properly effectuated.

**B. *Eitel* Factors**

Turning to the first *Eitel* factor, Plaintiffs will suffer prejudice if the court does not enter a default judgment against Davidson because Plaintiffs otherwise have no means to recover the contributions that Davidson owes them. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiffs also fulfill the second and third *Eitel* factors. First, Plaintiffs' complaint pleads the elements of a violation of 29 U.S.C. § 1145.[1] Specifically, it claims that Davidson is an employer obligated under the collective bargaining agreement to make contributions to the Trust Funds and that it failed to make such contributions. Compl. ¶¶ 11. Moreover, when a benefit plan secures a judgment under section 1145, section 1132(g)(2) entitles the plan to unpaid contributions, interest

---

[1] Section 1145 provides, in relevant part, that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

United States District Court
Northern District of California

United States District Court
Northern District of California

thereon, liquidated damages, and reasonable attorneys' fees and costs.  In light of these factual allegations and the pertinent law, Plaintiffs have submitted a legally sufficient complaint which appears to have merit.  *See Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc.*, No. 10-1757 MEJ, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

As to the fourth factor, "[w]hen the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged."  *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472).  However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate."  *Id.* (citations omitted).  The sum of damages, interest, attorneys' fees, and costs that Plaintiff seeks is $216,173.31.  The amounts owed are tailored to Davidson's specific misconduct, and its failure to pay contributions.  These amounts are supported by the evidence, the collective bargaining agreement, and by statute.  With respect to the fifth prong, Davidson has not appeared in this action, let alone contested any of Plaintiffs' material facts.  Finally, nothing in the record suggests that Davidson defaulted due to excusable neglect.  Plaintiffs have served Davidson with submissions relating to the case throughout the pendency of this action (*see* Docket Nos. 14, 18, 21), and Davidson has failed to participate in the litigation.  *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1005.  Examining these facts in the aggregate, the court finds that the first six *Eitel* factors outweigh the Federal Rules of Civil Procedure's strong preference for a decision on the merits.  The court therefore recommends that Plaintiffs' motion for default judgment be granted.

### C.  Damages

To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit.  *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico*, 238 F. Supp. 2d at 1175 (citing *Televideo*, 826 F.2d at 917-18).

#### 1.  Interest and Liquidated Damages on Untimely Contributions

At the time Plaintiffs filed suit, they alleged that Davidson failed to report, and thus failed to pay, contributions due to the Trusts for at least the months of March 2015 and April 2015.

Compl. ¶¶ 11, 12.  Davidson subsequently made late payments for the contributions due for those two months.  *See* Martinez Decl. Ex. C (showing payments through June 2015).  In their motion for default judgment, Plaintiffs assert that Davidson made late payments for contributions to the Trust Funds due for work performed in the periods October 2013 through November 2013, January 2014 through June 2014, and August 2014 through February 2015.  They explain in supplemental briefing that after filing the present motion, Davidson made untimely payments for contributions for work performed in the period June 2015 through October 2015.  2d Martinez Decl. ¶¶ 3-7, Ex. A.  There are no outstanding fringe benefit contributions due.  *See id.*  Plaintiffs ask for a statutory award of liquidated damages and interest on all of Davidson's late-paid contributions.

With respect to cases arising out of ERISA, the statute declares the following:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  Interest on unpaid contributions is determined by using the rate provided under the plan.  *Id.*

Here, the Master Agreement provides that an employer that fails to provide timely contributions is subject to liquidated damages of 10% of the amount due and unpaid or $200.00, whichever is greater, and is subject to interest on the unpaid contributions and liquidated damages

1    at the rate of 10% per annum.  Martinez Decl. Ex. A at 29.  If the Boards of Trustees file a legal

2    action to collect unpaid contributions, liquidated damages for any contributions still unpaid on the

3    date the action is filed are increased to 20% of the principal due.  *Id.*

4          "It is settled Ninth Circuit law that [an award under Section 1132(g)(2)] is mandatory and

5    not discretionary."  *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co.*, 746 F.2d

6    557, 569 (9th Cir. 1984) (noting the statutory language in Section 1132(g)(2) that "the court shall

7    award the plan" unpaid contributions, interest, the greater of interest or liquidated damages, and

8    reasonable attorneys' fees).  For a mandatory award under section 1132(g)(2), three requirements

9    must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the

10   district court must enter a judgment against the employer; and (3) the plan must provide for such

11   an award.  *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (holding

12   mandatory fee award available under section 1132(g)(2) 'notwithstanding the defendant's post-

13   suit, pre-judgment payment of the delinquent contributions themselves.'" (citation omitted)); *see*

14   *also Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors,*

15   *Inc.*, 875 F.2d 212, 217 (9th Cir. 1989) (holding 29 U.S.C. § 1132(g)(2) is not applicable to late-

16   paid contributions where no contributions were "unpaid" at the time of suit).

17         Plaintiffs seek liquidated damages on three categories of untimely contributions: 1)

18   contributions that became due before the suit was filed but were paid *after* the filing of the action;

19   2) contributions that became due after the suit was filed and were paid before the ruling on this

20   motion; and 3) contributions that were paid, but paid late, *before* the filing of the action.  The court

21   will address each category in turn.

22         As to the first category, contributions that became due before the suit was filed but were

23   paid after Plaintiffs filed suit, Plaintiffs satisfy the three requirements for a mandatory award under

24   § 1132(g)(2).  First, Davidson was delinquent in paying fringe benefit contributions at the time

25   Plaintiffs filed their lawsuit.  Second, the court recommends the entry of judgment in favor of

26   Plaintiffs against Davidson.  Third, the parties' agreement provides that Plaintiffs will be

27   permitted to assess liquidated damages and interest on payments paid, but paid late, at a rate that is

28   not "in excess of 20 percent" of the contributions at issue.  Martinez Decl. Ex. A at 29; *see* 29

United States District Court
Northern District of California

1    U.S.C. § 1132(g)(2)(C)(ii).  Plaintiffs are thus entitled to a statutory award of liquidated damages

2    on the first category of untimely contributions.  *See Trustees of Bricklayers Local No. 3 Pension*

3    *Trust v. Huddleston*, No. 10-1708 JSC, 2013 WL 2181532, at *5 (N.D. Cal. May 20, 2013)

4    ("Plaintiffs are entitled to statutory liquidated damages under section 1132(g) as to those payments

5    which were unpaid at the time this suit was filed.").  Plaintiffs identify two months where unpaid

6    contributions existed at the time of the suit, March 2015 and April 2015.  The court recommends a

7    statutory award of liquidated damages in the amount of **$8,258.26.**

8         The second category of untimely contributions includes contributions that became due

9    after the suit was filed and were paid before the ruling on this motion.  Contributions that matured,

10   became delinquent, and were paid after the suit was filed were neither unpaid at the time the suit

11   was filed, nor remain unpaid at the time of judgment.  Accordingly, Plaintiffs are not entitled to a

12   statutory award of liquidated damages on such contributions.  *Bd. of Trs. v. Udovch*, 771 F. Supp.

13   1044, 1051 (N.D. Cal. 1991) (citing *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796,

14   797 (9th Cir. 1990) ("[w]e have held that unpaid contributions must exist at the time of suit for

15   statutory liquidated damages to be awarded.")).

16        As to the third category -- contributions that were paid, but paid late, before the filing of

17   the action -- it is not clear whether ERISA allows liquidated damages on such contributions.  *See*

18   *Huddleston*, 2013 WL 2181532, at *5 (discussing split of authority).  However, even if a statutory

19   award of liquidated damages is not available for these last two categories of contributions,

20   Plaintiffs may be entitled to liquidated damages as a matter of contract.  *Idaho Plumbers*, 875 F.2d

21   at 217.  Such "liquidated damages are a valid award for breach of contract if (1) it is 'very difficult

22   or impossible' to calculate the harm that stems from the breach, and (2) the amount of damages is

23   a 'reasonable forecast of just compensation for the harm.'"  *Huddleston*, 2013 WL 2181532, at *6

24   (quoting *Idaho Plumbers*, 875 F.2d at 217).

25        With respect to the first requirement, courts have held that "[w]hen an employer is

26   delinquent in paying contributions into a fringe benefit trust fund, the fund suffers some kinds of

27   harms that are very difficult to gauge."  *Udovch*, 771 F. Supp. at 1047; *see also Bay Area Painters*

28   *& Tapers Pension Trust Fund v. Golden Vas Painting*, No. 10-CV-02923 CW (DMR), 2011 WL

United States District Court
Northern District of California

2020250, at \*8 (N.D. Cal. Mar. 17, 2011) (same); *Huddleston*, 2013 WL 2181532, at \*6 (same). For example, in pursuing payment, "the trust must engage in a number of activities, such as sending additional collection letters, billing statements, and correspondence, and placing follow-up telephone calls, that are made necessary only by the breach but that are so intertwined with on-going operations that their separate value is most difficult to measure." *Udovch*, 771 F. Supp. at 1049.

"The parties' intentions determine whether the second requirement has been satisfied." *Huddleston*, 2013 WL 2181532, at \*6. "They must have made a 'good faith effort to set an amount equivalent to the damages they anticipate.'" *Id.* (quoting *Udovch*, 771 F. Supp. at 1048). Here, the Master Agreement states that the parties "recognize and acknowledge that the prompt payments of amounts due by the Individual Employer pursuant to this Agreement is essential to the maintenance in effect of the various Funds and Plans involved, and that it would be extremely difficult, if not impractical, to fix the actual expense and damage to the parties hereto and to the Funds which would result from the failure of an Individual Employer to make the monthly payments in full within the time provided." Martinez Decl. Ex. A at 29. This evidence supports an inference that the parties made a good faith effort to establish a liquidated damages rate that "would be a reasonable forecast of just compensation" when entering into the agreement. *Huddleston*, 2013 WL 2181532, at \*6 (citation omitted).

The court concludes that contractual liquidated damages are warranted here as to the second and third categories of contributions at issue in this matter, namely, contributions that were paid, but paid late, before the filing of the action, as well as contributions that became due after the suit was filed and were paid before the ruling on this motion. Plaintiffs, however, are entitled to contractual liquidated damages of only 10% on these categories of untimely contributions. The Master Agreement states "[i]f a legal action is filed to collect unpaid contributions or unpaid liquidated damages, the liquidated damages for any *contributions still unpaid on the date the legal action* is filed shall be increased to 20% of the contributions due." Martinez Decl. Ex. A at 29 (emphasis added). Neither category of untimely contributions were "unpaid on the date the legal action" was filed. Accordingly, the court recommends that Plaintiffs be awarded contractual

United States District Court
Northern District of California

1  liquidated damages in the amount of **$34,967.25**.[1]  2d Martinez Decl. ¶ 11, Ex. B.  This sum

2  accounts for payments made by Davidson after Plaintiffs filed their motion for default judgment

3  which Plaintiffs applied towards outstanding liquidated damages.  2d Martinez Decl. ¶¶ 8-10, Ex.

4  B.

5         Plaintiffs are also entitled to interest on the untimely contributions.  The Master Agreement

6  states that an employer who fails to make the required contributions on or before the 15th day of

7  the month following the month in which hours were performed is subject to interest on the

8  delinquent contribution at a rate of 10% per annum.  Martinez Decl. Ex. A at 29.  Plaintiffs have

9  calculated interest on the untimely contributions to be $12,135.82.[2]  2d Martinez Decl. Ex. A.  The

10  court recommends Plaintiff be granted interest in the amount of **$12,135.82**.

### 2.   Attorneys' Fees and Costs

12         Pursuant to both 29 U.S.C. § 1132(g)(2)(D) and the Master Agreement, Plaintiffs are

13  entitled to their attorneys' fees and costs incurred in a suit to enforce payment of outstanding

14  contributions.

15         Plaintiffs ask for an award of $7,653.00 in fees, representing 38.6 hours of attorney time

16  expended in this case through December 30, 2015.  2d Ling Decl. ¶¶ 4, 6.  They seek rates of $225

17  per hour for Benjamin Lunch, a law firm shareholder, and $195 per hour for Wan Yan Ling, a

18  second year associate.  Ling Decl., Oct. 5, 2015, ¶ 6 Ex. A.  These are reasonable San Francisco

19  Bay Area rates for ERISA claims.  *See, e.g.*, *Oster v. Std. Ins. Co.*, 768 F. Supp. 2d 1026, 1035

20

---

21  [1] The court calculated this sum as follows: Plaintiffs request a total of $108,394.00 in liquidated
22  damages.  Plaintiffs represent that this sum equals 20% of the total amount of untimely
   contributions.  $108,394.00 total liquidated damages requested - $8,258.26 statutory liquidated
23  damages awarded = $100,135.74.  $100,135.74 / 2 (10% liquidated damages rate instead of 20%)
   = $50,067.87.  $50,067.87 - $15,100.62 (additional payments by Davidson) = $34,967.25.

24  [2] The court notes a discrepancy in the total amount of interest calculated.  In her second
25  declaration, Linda Martinez, the Third Party Administrator, states Davidson owes $12,308.00 in
   interest on the untimely contributions, and that after adjusting the amount to reflect additional
26  untimely payments made after the filing of Plaintiffs' motion for default judgment, the total
   amount of interest due is $12,135.82.  Based on the court's own calculations of the monthly
27  interest owed, the amount of interest due (without any credits) is actually $12,564.25, not
   $12,308.00.  Plaintiffs do not explain their calculation and do not address or explain the
28  discrepancy.  Accordingly, the court recommends that Plaintiffs be awarded the lower sum
   requested, or $12,135.82.

(N.D. Cal. 2011) (approving hourly rate of $400 for associates and $150 for paralegals); *Langston v. N. Am. Asset Dev. Corp. Group Disability*, No. 08-2560 SI, 2010 WL 1460201, at *2 (N.D. Cal. Apr. 12, 2010) (approving hourly rate of $550 for partner and $150 for paralegals); *Bd. of Trustees of Cement Masons Health & Welfare Trust Fund for N. California v. C & C Concrete Inc.*, No. C 10-03343 LB, 2013 WL 2456560 at *9 (N.D. Cal. June 6, 2013) (approving rate of $325 per hour for shareholder). The court therefore recommends that Plaintiffs recover $7,653.00 in attorneys' fees.

The court also will award costs if "the prevailing practice in a given community [is] for lawyers to bill those costs separately from their hourly rates." *Trs. of Contrs. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (quotation marks omitted); *see* 29 U.S.C. § 1132(g)(2)(D). Plaintiffs have incurred $483.00 in costs in the action to date. Ling Decl. ¶ 7, Ex. B. Because the court finds this sum reasonable, it recommends that Plaintiffs be granted $483.00 in costs.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that the court grant Plaintiffs' motion for default judgment against Defendant Davidson. The court further recommends that the court award Plaintiffs liquidated damages and interest on late-paid contributions in the amount of $55,361.33. The court also recommends that the court award Plaintiffs attorneys' fees and costs amounting to $7,653.00 and $483.00, respectively.

Plaintiffs shall serve a copy of this order on Defendant Davidson and file proof of service with the court. Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

**IT IS SO ORDERED**.

Dated: March 22, 2016



DONNA M. RYU
United States Magistrate Judge

12